PEOPLE *ex rel.* COMPTON *v.* HEGEMAN, County Treasurer.

*(Supreme Court, General Term, Second Department.   May 11, 1891.)*

TAXATION—REDEMPTION—EXPIRATION OF TIME.

At a tax-sale of land it was purchased by the town in which it was situated. After expiration of the time to redeem, one who had succeeded to the rights of the original owner paid the amount of the tax, interest, costs, and charges to the county treasurer, who received the same in full payment, and marked the premises on his books as redeemed.   No forfeiture was claimed at the time.   *Held,* that the person making such payment was not entitled to a lease of the premises for the term for which they were sold, under Laws N. Y. 1878, c. 226, § 18, requiring the county treasurer to execute and deliver such a lease to the person legally entitled thereto if the premises sold are not redeemed within the time limited for that purpose.

Appeal from special term, Queens county.

Application by Mansfield Compton for a *mandamus* to Elbert Hegeman, county treasurer of Queens county, to compel him to execute and deliver to relator a lease of certain premises sold for unpaid taxes.   The relator appeals from an order denying his application.   Laws N. Y. 1878, c. 226, applicable to the town of Hempstead, in which such lands were situated, (section 18,) provides: "In case the premises sold shall not be redeemed within the time limited for that purpose [15 months] the county treasurer shall execute and deliver to the person or persons legally entitled thereto a lease of such premises, subscribed by the county treasurer making the sale, or by his successor in office, which lease shall be for the term for which such premises were sold." Section 19 provides: "The supervisor of said town is hereby authorized to assign the certificate of sale of any lot or parcel of land to any person who offers to take said lot or parcel of land, and pay the amount for which said lots or parcels of land were struck off, and expenses of publication, and the county treasurer's fees and expenses, as defined by this act, and the sum of twenty-five cents for such assignment."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*Mansfield Compton, in pro. per.   A. N. Weller,* for respondent.

DYKMAN, J.   This is an appeal from an order denying a motion for a peremptory writ of *mandamus* which the relator desires against the county treasurer of Queens county, to compel him to execute and deliver a lease of certain premises sold for unpaid taxes.   The land in question was assessed to one Hegeman in the year 1885, and he was then the owner thereof, but the

taxes were not paid. On the 7th day of June, 1887, the land was sold by the county treasurer for those taxes, and was struck off to the town of Hempstead as the purchaser, the land being in that town. On the 11th day of February, 1889, the relator, who had succeeded to all the rights of the original owner, paid the full amount of the tax, interest, costs, and charges to the county treasurer, who received the same in full payment and discharge of such tax, and marked the premises upon his books as redeemed. No forfeiture was claimed, and there is now nothing upon the records to support or justify a lease for the premises, and the issuance of a lease would falsify the record and be an idle and useless ceremony. The order should be affirmed, with $10 costs and disbursements.